**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

**FRANCISCO ORTIZ TRUJILLO,**

Plaintiff,    ACTION UNDER 29 U.S.C. § 216(b)

-v.-

**MASTERPIECE CATEREST CORP. and**
**GIETO NICAJ, Individually,**

Defendants

------------------------------------------------------------X

Plaintiff FRANCISCO ORTIZ TRUJILLO, by and through his attorneys, STILLMAN LEGAL PC, brings this Action against Defendants MASTERPIECE CATEREST CORP. and GIETO NICAJ, Individually (collectively, the "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Law ("NYLL") § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), NYLL § 195(1), NYLL § 195(3), and related provisions from Title 12 of New York Codes, Rules and Regulations ("NYCRR") § 146-1.6, and alleges upon information and belief, as follows:

### NATURE OF THE ACTION

1.      This Complaint seeks to recover, inter alia, unpaid overtime wages, spread-of-hours pay, and statutory damages for Plaintiff FRANCISCO ORTIZ TRUJILLO, a former employee of Defendant MASTERPIECE CATEREST CORP., a New York corporation with its principal place of business located at 55 Water Street, New York, NY 10041, and its principal officer, and agent, Defendant GIETO NICAJ. Plaintiff was employed as a Chef and Catering Worker from approximately December 19, 2011, through December 19, 2025.

2.      At all times relevant hereto, Defendants were required, under federal law pursuant to the FLSA, 29 U.S.C. § 207(a)(1), and New York State law pursuant to NYLL § 650 et seq., to compensate Plaintiff FRANCISCO ORTIZ TRUJILLO with overtime compensation at one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours per workweek. Despite working approximately 75.5 hours per workweek throughout his employment, Plaintiff was paid only a flat weekly salary of approximately $1,300.00, with no additional overtime compensation for the approximately 35.5 hours of overtime worked each week.

3.      In addition to unpaid overtime compensation, Plaintiff FRANCISCO ORTIZ TRUJILLO is entitled to spread-of-hours pay under the NYLL and the NYCRR for each workday during which his spread of hours — i.e., the interval from the start to the end of his workday —

exceeded ten (10) hours. Plaintiff's Monday through Friday shifts, running from approximately 4:00 a.m. to approximately 5:30 p.m., consistently exceeded ten hours each day, thereby triggering an entitlement to one additional hour's pay at the applicable New York City minimum wage rate per qualifying day.

4.      Plaintiff FRANCISCO ORTIZ TRUJILLO also brings this action under the Wage Theft Prevention Act for Defendants' failure to provide written notice of wage rates pursuant to NYLL § 195(1) and failure to provide accurate wage statements pursuant to NYLL § 195(3).

5.      Accordingly, Plaintiff FRANCISCO ORTIZ TRUJILLO brings this Action for federal and state claims relating to unpaid overtime compensation, spread-of-hours pay, failure to provide proper wage notices under NYLL § 195(1), failure to provide accurate wage statements under NYLL § 195(3), unlawful retention of gratuities under NYLL § 196-d, unjust enrichment, and failure to maintain records pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., NYLL § 650 et seq., as recently amended by the WTPA, as well as those related provisions in Title 12 of the NYCRR.

6.      In connection therewith, Plaintiff FRANCISCO ORTIZ TRUJILLO seeks compensatory damages for overtime and spread-of-hours compensation due, liquidated damages, statutory damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c) and 217, and 28 U.S.C. § 1337.

8.      This Court has supplemental jurisdiction over the New York State law claims under the principles of pendent and ancillary jurisdiction pursuant to 28 U.S.C. § 1367.

9.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

10.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b), because Defendant MASTERPIECE CATEREST CORP. maintains its principal place of business in this District, Plaintiff resides in this District, and because all or a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## PARTIES

### Plaintiff

11.     Plaintiff FRANCISCO ORTIZ TRUJILLO ("ORTIZ TRUJILLO") is and was at all times relevant hereto an individual residing in the Bronx, New York.

12.     Plaintiff ORTIZ TRUJILLO was employed by Defendant MASTERPIECE CATEREST CORP. at its place of business, 55 Water Street, New York, NY 10041, from approximately

December 19, 2011, through December 19, 2025, where he was primarily employed as a Chef and Catering Worker.

13.     At all times relevant hereto, Plaintiff ORTIZ TRUJILLO was a covered employee within the meaning of the FLSA and the NYLL.

**Defendants**

14.     Defendant MASTERPIECE CATEREST CORP. is, upon information and belief, a duly organized New York corporation with its principal place of business located at 55 Water Street, New York, NY 10041.

15.     Upon information and belief, Defendant MASTERPIECE CATEREST CORP. is engaged in interstate commerce in that it relies heavily on food products, equipment, and supplies that have been transported across state lines, and generates annual gross revenues in excess of $500,000 per year, independent of excise taxes, for years 2011 through 2025, and was directly engaged in interstate commerce.

16.     Upon information and belief, Defendant GIETO NICAJ is the President, Chief Executive Officer, manager, principal, and/or agent of Defendant MASTERPIECE CATEREST CORP.

17.     Upon information and belief, and at all times relevant to the claims herein, Defendant GIETO NICAJ possessed operational control over Defendant MASTERPIECE CATEREST CORP. because of his ownership interest and/or control of significant functions of the corporate Defendant; that Defendant GIETO NICAJ: (i) was known and referred to as a principal owner and manager by Plaintiff and the other similarly situated employees of Defendant MASTERPIECE CATEREST CORP.; (ii) determined the wages and compensation of the employees of Defendants, including Plaintiff, and personally set and maintained the flat weekly salary of $1,300.00 without any overtime component; (iii) established Plaintiff's and other employees' work schedules and workload; (iv) maintained employee records; (v) personally paid Plaintiff and the other employees their weekly wages; (vi) possessed the authority to hire and fire employees; (vii) directly supervised Plaintiff's day-to-day work at the facility; and (viii) had direct, regular interaction with Plaintiff regarding his duties and hours of work.

18.     Defendant GIETO NICAJ acted intentionally and willfully in structuring Plaintiff's compensation as a flat weekly salary without any overtime component, despite operating a catering business for over fourteen (14) years and knowing or having reason to know that federal and state law required the payment of overtime premiums for hours worked in excess of forty (40) per week. Defendant GIETO NICAJ is an employer pursuant to the FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2.

## COMMON FACTUAL ALLEGATIONS

### Defendants Constitute Joint Employers

19.     Defendants owned and operated MASTERPIECE CATEREST CORP., a corporate entity located at 55 Water Street, New York, NY 10041. At all relevant times, Defendants MASTERPIECE CATEREST CORP. and GIETO NICAJ possessed operational control over the corporate Defendant, possessed an ownership interest therein, and/or controlled its significant functions.

20.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff FRANCISCO ORTIZ TRUJILLO by engaging in a pattern and/or policy of violating the FLSA and NYLL. This pattern and/or policy includes, inter alia, the following:

a.  failing to pay Plaintiff the applicable overtime compensation rate — one and one-half times the regular rate of pay — for all work performed in excess of forty (40) hours per workweek;

b.  failing to pay Plaintiff spread-of-hours compensation as required under NYLL § 652 and 12 N.Y.C.R.R. § 146-1.6 for workdays during which the spread of hours exceeded ten (10) hours;

c.  failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL; and

d.  failing to provide statutorily required wage and hour records or statements of pay received, in part to conceal Defendants' violations of wage and hour laws and to take advantage of Plaintiff's relative lack of sophistication in wage and hour matters.

21.     Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees their proper compensation. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damage to Plaintiff FRANCISCO ORTIZ TRUJILLO.

22.     Defendant MASTERPIECE CATEREST CORP., under the direct supervision and authority of Defendant GIETO NICAJ, acted in the interest of the Defendants with respect to its employees, the rate and method of employee compensation, and exercised shared joint control over their employees.

23.     At relevant times, Defendants MASTERPIECE CATEREST CORP. and GIETO NICAJ possessed substantial control over Plaintiff ORTIZ TRUJILLO and other similarly situated employees' working conditions, as well as over the policies and practices with respect to their employment and compensation.

24.     Defendants MASTERPIECE CATEREST CORP. and GIETO NICAJ jointly employed Plaintiff and are Plaintiff's employers within the meaning of 29 U.S.C. § 201 et seq. and the NYLL.

4

25.　　Defendants MASTERPIECE CATEREST CORP. and GIETO NICAJ constitute a single employer of Plaintiff and/or similarly situated individuals, as any business divisions between them are fictitious.

26.　　At all times relevant hereto, Defendants MASTERPIECE CATEREST CORP. and GIETO NICAJ were Plaintiff's employers within the meaning of the FLSA, NYLL, and other applicable laws. Such Defendants had the authority and power to hire and fire Plaintiff and other similarly situated employees, to control the terms and conditions of their employment, including work assignments and hours, and to determine the rate and method of any compensation in exchange for Plaintiff's services. Defendants supervised Plaintiff's work schedule and conditions of employment.

### Plaintiff FRANCISCO ORTIZ TRUJILLO

27.　　From approximately December 19, 2011, through December 19, 2025, Plaintiff was employed by Defendants at their facility located at 55 Water Street, New York, NY 10041, where Plaintiff ORTIZ TRUJILLO worked as a Chef and Catering Worker.

28.　　Plaintiff ORTIZ TRUJILLO worked approximately seventy-five and one-half (75.5) hours per week throughout his employment with Defendants. Specifically, Plaintiff worked Monday through Friday from approximately 4:00 a.m. to approximately 5:30 p.m. (approximately 13.5 hours per day, totaling 67.5 hours), and Saturdays from approximately 12:00 p.m. to approximately 8:00 p.m. (approximately 8 hours), for a total of approximately 75.5 hours per week.

29.　　Plaintiff FRANCISCO ORTIZ TRUJILLO was paid a flat weekly salary of $1,300.00 throughout his employment. Under 29 C.F.R. § 778.114, Plaintiff's regular rate of pay is computed by dividing his flat weekly salary by the total hours worked, yielding approximately $17.22 per hour ($1,300.00 ÷ 75.5 hours). Because Plaintiff's flat salary is deemed to compensate him at straight time for all 75.5 hours worked, the additional overtime premium owed is the half-time rate for each overtime hour: $17.22 × 0.5 = $8.61 per overtime hour. For the approximately 35.5 overtime hours worked each week, the unpaid overtime premium owed was approximately $305.63 per week ($8.61 × 35.5 overtime hours).

30.　　For the six-year period from December 19, 2019, through December 19, 2025 — a period of approximately 312 weeks — Plaintiff's total unpaid overtime compensation amounts to approximately $95,356.29. The period-by-period breakdown is as follows: (a) December 19, 2019 through December 31, 2019 (approximately 2 weeks), unpaid overtime totaling approximately $761.26; (b) January 1, 2020 through December 31, 2020 (52 weeks), totaling approximately $15,892.72 in unpaid overtime; (c) January 1, 2021 through December 31, 2021 (52 weeks), totaling approximately $15,892.72; (d) January 1, 2022 through December 31, 2022 (52 weeks), totaling approximately $15,892.72; (e) January 1, 2023 through December 31, 2023 (52 weeks), totaling approximately $15,892.72; (f) January 1, 2024 through December 31, 2024

(52 weeks), totaling approximately $15,892.72; and (g) January 1, 2025 through December 19, 2025 (approximately 50 weeks).

31.     In addition, Plaintiff is entitled to spread-of-hours pay for each weekday (Monday through Friday) on which the spread of his workday exceeded ten (10) hours. Because Plaintiff's shifts ran from approximately 4:00 a.m. to approximately 5:30 p.m. — a spread of approximately thirteen and one-half hours — each such weekday triggered an entitlement to one additional hour of pay at the applicable New York City minimum wage rate, per 12 N.Y.C.R.R. § 146-1.6. This entitlement is a separate and independent obligation that is not satisfied by the flat rate paid by Defendants. The total spread-of-hours pay owed for the covered period is approximately $24,035.00.

32.     Plaintiff FRANCISCO ORTIZ TRUJILLO did not work at his own convenience but was required to report to work in accordance with a work schedule devised by Defendants. Once scheduled for a shift, Plaintiff did not come and go at his pleasure but rather was supervised and controlled by Defendants.

33.     Plaintiff FRANCISCO ORTIZ TRUJILLO was a covered employee within the meaning of the FLSA and the NYLL and was not exempt thereunder, as his employment position and assignments were not "professional," "executive," or "administrative" and did not require the exercise of discretion or independent judgment with respect to matters of significance. Plaintiff did not supervise other employees, did not have the authority to hire or fire other workers, did not manage a recognized department or subdivision of the enterprise, and did not participate in formulating management policies or operating practices. Plaintiff ORTIZ TRUJILLO's work is properly characterized as skilled manual labor in the food service industry, consisting primarily of food preparation, cooking, and catering service tasks performed under Defendants' direction and control.

34.     Plaintiff FRANCISCO ORTIZ TRUJILLO, in his capacity as a Chef and Catering Worker, regularly handled goods in interstate commerce, including food products, cooking equipment, and catering supplies produced outside the State of New York.

35.     Throughout the entire relevant period from December 19, 2011, through December 19, 2025, Plaintiff FRANCISCO ORTIZ TRUJILLO worked without receiving appropriate overtime compensation or spread-of-hours pay as required by law.

36.     No notification, either in the form of posted notices or by other means, was ever given to Plaintiff FRANCISCO ORTIZ TRUJILLO regarding wages as required under the FLSA and NYLL.

37.     With each payment of wages, Defendants did not provide Plaintiff FRANCISCO ORTIZ TRUJILLO an accurate statement of wages, as required by NYLL § 195(3).

6

38.     Defendants never provided Plaintiff FRANCISCO ORTIZ TRUJILLO with written notice of his rate of pay, the employer's regular payday, and such other information as required by NYLL § 195(1).

### Defendants' General Employment Practices

39.     As part of their regular business practices, Defendants required Plaintiff FRANCISCO ORTIZ TRUJILLO to work more than forty (40) hours per week without paying him the proper overtime compensation as required by federal and state law.

40.     By such common policy and practice, Defendants violated Plaintiff's rights under the FLSA and NYLL by failing to pay him overtime wages at the rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

41.     Defendants failed to post the statutorily required wage and hour notices and did not provide Plaintiff FRANCISCO ORTIZ TRUJILLO with the statutorily required wage and hour records or statements of pay received, in part to conceal Defendants' violations of the wage and hour laws and to take advantage of Plaintiff's relative lack of sophistication in wage and hour matters.

42.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff FRANCISCO ORTIZ TRUJILLO worked, and to avoid paying Plaintiff properly for his full hours worked, overtime compensation, and spread-of-hours pay.

42a.     Upon information and belief, Defendant MASTERPIECE CATEREST CORP., as a catering company, regularly charged its customers service charges, gratuities, and/or mandatory fees in connection with catered events and functions. Such charges were either expressly designated as gratuities or were presented to customers in a manner that a reasonable customer would understand to be a gratuity intended for the employees who provided the catering services, including Plaintiff.

42b.     Upon information and belief, Defendants retained all or a substantial portion of such gratuities and charges purported to be gratuities, and failed to distribute them to Plaintiff FRANCISCO ORTIZ TRUJILLO and other service employees as required by NYLL § 196-d and 12 N.Y.C.R.R. § 146-2.18.

43.     The NYLL and the Wage Theft Prevention Act require employers to provide all employees with written notice of wage rates at the time of hiring and on an annual basis thereafter.

44.     Throughout the relevant time period, Defendants paid Plaintiff FRANCISCO ORTIZ TRUJILLO wages without providing an accurate accompanying wage statement and/or annual pay notice required under NYLL §§ 195(1) and 195(3).

7

45.    Defendants failed to provide Plaintiff FRANCISCO ORTIZ TRUJILLO with accurate accompanying wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; the name of the employee; the name of the employer; the address and phone number of the employer; the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL § 195(3).

## FIRST CAUSE OF ACTION

### (Violation of FLSA Overtime Compensation Requirements)

46.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

47.    At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff, control the terms and conditions of his employment, and determine the rate and method of any compensation in exchange for his employment.

48.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce, and as such constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r-s).

49.    Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours per workweek, in violation of 29 U.S.C. § 207(a)(1).

50.    Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

51.    Defendants acted willfully in their violations of the FLSA's requirements.

51a.    Defendants failed to make, keep, and preserve records of the hours worked each workday and each workweek by Plaintiff, as required by 29 U.S.C. § 211(c) and 29 C.F.R. § 516.2. As a result of Defendants' failure to maintain accurate records, an adverse inference should be drawn against Defendants with respect to Plaintiff's hours worked, and Plaintiff's recollection of hours worked should be accepted as a matter of just and reasonable inference.

52.    Plaintiff FRANCISCO ORTIZ TRUJILLO seeks damages for his unpaid overtime compensation, liquidated damages as provided by the FLSA for wage violations, reasonable attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION

### (Unpaid Overtime Compensation Under New York Labor Law)

8

53.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

54.    Defendants, in violation of NYLL § 190 et seq. and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours per workweek.

55.    Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of NYLL § 198(1-a).

56.    Due to Defendants' willful violations of the NYLL, Plaintiff FRANCISCO ORTIZ TRUJILLO is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages as provided by NYLL § 198(1-a), reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION

### (Spread-of-Hours Pay Under New York Labor Law)

57.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

58.    Pursuant to NYLL § 652 and 12 N.Y.C.R.R. § 146-1.6, employees in New York are entitled to receive one additional hour of pay at the applicable minimum wage rate for each workday during which the spread of hours — i.e., the interval between the beginning and end of an employee's workday — exceeds ten (10) hours.

59.    Plaintiff FRANCISCO ORTIZ TRUJILLO's Monday through Friday shifts, which began at approximately 4:00 a.m. and ended at approximately 5:30 p.m. each day, resulted in a spread of hours in excess of thirteen (13) hours on each such day, thereby triggering entitlement to spread-of-hours pay for each such day.

60.    Defendants failed to pay Plaintiff FRANCISCO ORTIZ TRUJILLO the spread-of-hours compensation to which he was entitled throughout the covered period.

61.    Due to Defendants' violations of the NYLL and NYCRR, Plaintiff FRANCISCO ORTIZ TRUJILLO is entitled to recover from Defendants his unpaid spread-of-hours compensation, together with liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION

### (New York Labor Law — Failure to Provide Accurate Wage Statements)

62.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

63.    Defendants have failed to provide Plaintiff, in English and in Spanish, with complete and accurate wage statements throughout his employment listing and detailing, inter alia, all his regular and overtime hours of work, his rate of pay, basis of pay, and deductions, in violation of NYLL § 195(3).

64.    Due to Defendants' violations of the NYLL, Plaintiff FRANCISCO ORTIZ TRUJILLO is entitled to recover from Defendants statutory damages of Five Thousand Dollars ($5,000.00) for Defendants' failure to provide accurate wage statements pursuant to NYLL § 198(1-d).

## FIFTH CAUSE OF ACTION

### (New York Labor Law — Failure to Provide Wage Notices)

65.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

66.    Defendants failed to provide Plaintiff FRANCISCO ORTIZ TRUJILLO with written notice of his rate of pay, the employer's regular payday, and such other information as required by NYLL § 195(1), at the time of hiring and on an annual basis thereafter throughout his employment.

67.    Due to Defendants' violations of the NYLL and the WTPA, Plaintiff FRANCISCO ORTIZ TRUJILLO is entitled to recover from Defendants statutory damages of Five Thousand Dollars ($5,000.00) for Defendants' failure to provide required wage notices pursuant to NYLL § 198(1-b).

## SIXTH CAUSE OF ACTION

### (Unlawful Retention of Gratuities Under NYLL § 196-d)

68.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

69.    NYLL § 196-d prohibits any employer or its agent from demanding, accepting, or retaining, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity or of any charge purported to be a gratuity for an employee.

70.    Upon information and belief, Defendant MASTERPIECE CATEREST CORP., as a catering company, charged its clients service charges, gratuities, and/or other charges purported to be gratuities in connection with catered events and functions at which Plaintiff FRANCISCO ORTIZ TRUJILLO provided food preparation and catering services.

71.    Upon information and belief, Defendants retained all or a portion of gratuities and/or charges purported to be gratuities that were intended for or should have been distributed to Plaintiff and other service employees, and failed to distribute such amounts to Plaintiff as required by NYLL § 196-d and 12 N.Y.C.R.R. § 146-2.18.

72.    Upon information and belief, reasonable customers of Defendant MASTERPIECE CATEREST CORP. would have understood the service charges assessed on catering contracts to be gratuities intended for the service employees who provided the catering services, and Defendants allowed their customers to so believe.

73.    Due to Defendants' violations of NYLL § 196-d, Plaintiff FRANCISCO ORTIZ TRUJILLO is entitled to recover from Defendants the full amount of gratuities and charges purported to be gratuities that were unlawfully retained, together with liquidated damages,

reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest. The exact amount of such gratuities is unknown to Plaintiff at this time and will be established through discovery.

## SEVENTH CAUSE OF ACTION

### (Unjust Enrichment)

74. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

75. Defendants have been unjustly enriched in retaining the benefits of Plaintiff's labor without paying the wages, overtime premiums, spread-of-hours compensation, and gratuities required by law.

76. Defendants' retention of these benefits without adequate compensation to Plaintiff is against equity and good conscience.

77. As a result of Defendants' unjust enrichment, Plaintiff FRANCISCO ORTIZ TRUJILLO is entitled to restitution in an amount to be determined at trial, together with pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FRANCISCO ORTIZ TRUJILLO respectfully requests that this Court enter judgment against Defendants MASTERPIECE CATEREST CORP. and GIETO NICAJ as follows:

a. Awarding Plaintiff FRANCISCO ORTIZ TRUJILLO damages for unpaid overtime compensation in the amount of approximately $95,356.29, pursuant to the FLSA and NYLL;

b. Awarding Plaintiff FRANCISCO ORTIZ TRUJILLO damages for unpaid spread-of-hours compensation in the amount of approximately $24,035.00 pursuant to NYLL § 652 and 12 N.Y.C.R.R. § 146-1.6;

c. Awarding Plaintiff FRANCISCO ORTIZ TRUJILLO liquidated damages in an amount equal to one hundred percent (100%) of his unpaid wages — equaling approximately $119,391.29 in liquidated damages — pursuant to 29 U.S.C. § 216(b) (FLSA) and NYLL § 198(1-a);

d. Awarding Plaintiff FRANCISCO ORTIZ TRUJILLO statutory damages of $5,000.00 for Defendants' failure to provide accurate wage statements pursuant to NYLL §§ 195(3) and 198(1-d);

e. Awarding Plaintiff FRANCISCO ORTIZ TRUJILLO statutory damages of $5,000.00 for Defendants' failure to provide required wage notices pursuant to NYLL §§ 195(1) and 198(1-b);

f.  Awarding Plaintiff FRANCISCO ORTIZ TRUJILLO pre-judgment interest on his unpaid wages at the statutory rate of nine percent (9%) per annum pursuant to New York Civil Practice Law and Rules §§ 5001–5004, in the amount of approximately $34,921.95;

g.  Awarding Plaintiff FRANCISCO ORTIZ TRUJILLO post-judgment interest pursuant to 28 U.S.C. § 1961 or, in the alternative, the New York Civil Practice Law and Rules § 5003, as applicable;

h.  Awarding Plaintiff FRANCISCO ORTIZ TRUJILLO damages for unlawfully retained gratuities pursuant to NYLL § 196-d, in an amount to be determined at trial or through discovery;

i.  Awarding Plaintiff FRANCISCO ORTIZ TRUJILLO restitution for Defendants' unjust enrichment in an amount to be determined at trial;

j.  Awarding Plaintiff FRANCISCO ORTIZ TRUJILLO the expenses incurred in this action, including reasonable costs and attorneys' fees pursuant to 29 U.S.C. § 216(b) and NYLL § 198(1-a); and

k.  Such other and further relief as this Court deems just and proper.


Dated: New York, New York
March 30, 2026

Respectfully submitted,

STILLMAN LEGAL P.C.
Attorneys for Plaintiff

*Lina Stillman*
By: /s/ Lina Stillman
        LINA STILLMAN, ESQ.
        42 Broadway, 12th Floor
        New York, New York 10004
        Telephone: (212) 203-2417